# ANDERSON KILL & OLICK, P.C.

Attorneys and Counselors at Law

1251 AVENUE OF THE AMERICAS ■ NEW YORK, NY 10020-1182
TELEPHONE: 212-278-1000 ■ FAX: 212-278-1733
www.andersonkill.com

Todd Duffy, Esq.
Tduffy@andersonkill.com
(212) 278-1621

**VIA EMAIL AND HAND DELIVERY**  September 10, 2009

The Honorable Stuart M. Bernstein
Chief Judge
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10036

      RE:   In re Peter Matt & Co. Inc.
               Chapter 11 Case No. 09-23634 (RDD)

Dear Judge Bernstein:

     On September 1, 2009 (the "Petition Date"), Peter Matt & Co., Inc. (the "Debtor") filed a voluntary petition for relief under chapter 11, title 11 of the United States Code (the "Bankruptcy Code"). The Debtor has two secured lenders: FCC, LLC ("FCC") and Capstone Business Credit LLC ("Capstone"). Capstone is subordinated to FCC.

     Prior to the Petition Date, the Debtor hoped to file its petition with the terms of a DIP financing agreement with FCC finalized and ready to be proposed to the Court. As negotiations continued, the Debtor objected to numerous clauses of the agreement as unfair and overreaching. However, the Debtor, desperate to meet its payroll that is due on Friday night, conceded to those clauses finally on Wednesday, September 9, 2009 at approximately 4:00 p.m. The Debtor filed its motion to approve the DIP Financing agreement (the "DIP Financing Motion") on Thursday, September 10, 2009 after finalizing its motion papers.

     After filing the DIP Financing Motion, Elisabetta Gasparini, Esq., trial attorney from the office of the U.S. Trustee pointed out similar objections to those of the Debtor and explained that the U.S. Trustee would now be forced to object to the DIP Financing Motion. During the course of the conference call, Ms. Gasparini asked if the reduction of the Debtor's counsel's carve out from $400,000 to $40,000 was a typographical error. FCC's counsel explained that it was not. I explained that we were never informed of this material change. Indeed, the Debtor became gravely concerned that limiting the carve out to $40,000 will severely restrict the ability of a Creditor's Committee to be represented by counsel.

NYDOCS1-929591.1

New York ■ Greenwich ■ Newark ■ Philadelphia ■ Washington, D.C.

      Upon conclusion of the call with the US Trustee and the Lender's counsel, the Debtor determined that for the following reasons it will be withdrawing its DIP Financing Motion and requesting use of Cash Collateral: (i) FCC is oversecured in amount that represents at least 133% of its secured claim; (ii) the various objections of the U.S. Trustee will most likely result in a change in the Proposed DIP Financing Agreement which will result in the Debtor commencing this case in default under the proposed agreement which will more likely than not doom it to failure in its bankruptcy; (iii) the Debtor believes that it can restructure its business based on the use of cash collateral alone; (iv) the understandable objections of the U.S. Trustee may result in a delayed interim DIP Financing Order and accordingly, the Debtor will not be able to pay its employees timely; (v) the bad faith of the Lender's counsel of changing a material term that was buried on page fifteen of a thirty page proposed order without informing Debtor's counsel; and (vi) the Debtor believes that the request for use of cash collateral is the best possible way to make certain that its employees are paid on time and gives the Debtor the best possible odds at a successful reorganization.

      Accordingly, given the imminent need for cash to pay its employees the Debtor will file a motion for use of cash withdrawal this evening and respectfully requests that the Court entertain the Debtor's motion for use of Cash Collateral tomorrow, Friday, September 11, 2009, subject to the Court's availability.

      Respectfully,

      Todd E. Duffy

cc:    Hon. Robert D. Drain (via e-mail and hand delivery)
       Andrew M. Kramer, Esq. (via e-mail and ECF)
       Elisabetta Gasparini, Esq. (via e-mail and ECF)