Otterbourg, Steindler, Houston &
    Rosen, P.C.
Attorneys for FCC, LLC
230 Park Avenue
New York, New York 10169
(212) 661-9100
Andrew M. Kramer, Esq.
Stanley L. Lane, Jr., Esq.

UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Chapter 11 |
| PETER MATT & CO., INC | Case No. 09-23634 (RDD) |
| Debtor. | |

## OBJECTION, AND JOINDER OF FCC, LLC IN DEBTOR'S OBJECTION, TO MOTION OF THE UNITED STATES TRUSTEE FOR AN ORDER TO CONVERT THIS CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 OR, IN THE ALTERNATIVE, TO DISMISS THIS CHAPTER 11 CASE

TO:    THE HONORABLE ROBERT D. DRAIN
       UNITED STATES BANKRUPTCY JUDGE

FCC, LLC ("FCC"), as the secured lender to the debtor in the above-captioned case, Peter Matt & Co., Inc. (the "Debtor"), respectfully joins in the objection that is being filed by the Debtor in response to the motion of the United States Trustee (the "Trustee") for an Order to convert the Debtor's Chapter 11 case to a case under Chapter 7 or, in the alternative, dismissing the Debtor's Chapter 11 case. In joining the Debtor's opposition, FCC notes that, at its core, the Trustee's motion rests on two fundamental assertions:

(a) that "this is not a case where the Debtor has a prospect of successfully reorganizing its business. This is a case where the future of the Debtor only involves the liquidation of its inventory to recover proceeds for the benefit of its creditors and pursuing causes of action. All of this can be done by a Chapter 7 trustee who will liquidate and distribute the assets in a more efficient and cost-effective manner." (Trustee Motion at p. 11); and

(b) that given the likely financial outcome to be derived from liquidating the Debtor's remaining assets, the only party that would appear "to derive any benefit [from the continuing liquidation of the Debtor's remaining assets in Chapter 11] is FCC, the Debtor's main secured creditor." (Trustee Motion at pp. 12-13)

With respect to the first of these two premises, the Trustee ignores entirely the fact that the Debtor has more than $2.5 million of outstanding receivables, of which the Debtor has advised FCC that approximately half ($1,283,000) should be collectible. Even more importantly, the Trustee offers no evidentiary support for her conclusory assertion that a Chapter 7 Trustee would be as successful as the Debtor in liquidating the remaining inventory (and collecting the outstanding receivables). It is FCC's good faith belief that hundreds of thousands of dollars in potential proceeds (attributable to both inventory sales and receivables collections) would be forfeited by turning the liquidation of Debtor's remaining assets over to a Chapter 7 Trustee and removing the Debtor's principal from the process. Any cost savings that might be realized in the process -- and FCC vigorously disputes the Trustee's unsupported conclusion that cost savings would be realized -- would be outweighed by the further dilution in the value of

both the receivables and the inventory that will result from turning the liquidation over to a Chapter 7 Trustee.

On the second point, FCC acknowledges that it will be the principal beneficiary of the Debtor's completing an orderly liquidation process in Chapter 11. FCC, however, is prepared to continue to fund that process. As such, the risk of continuing in Chapter 11 will fall almost entirely on FCC. That is a risk that FCC should be permitted to take, particularly where it has already funded expenses for the Debtor of more than $1,900,000, and has further committed under the proposed extended liquidation budget to the use of another roughly $500,000 of its cash collateral to hopefully complete the liquidation process by the end of May.

The Trustee has made no showing that liquidating the Debtor's remaining assets in Chapter 7 will result in any substantial cost savings at all. Nor has the Trustee offered any tangible evidence in support of her belief (misguided as FCC believes it to be) that liquidating the Debtors' assets in Chapter 7 will generate greater recoveries. Rather, FCC submits that any cost savings from conversion to Chapter 7 would be nominal at best (and that conversion is actually more likely to increase the cost of completing the asset liquidation) and that the recoveries to be realized in the disposition of this Debtor's inventory in Chapter 7 would be substantially less than the recoveries to be obtained through the Debtor's continued efforts.

Indeed, one need look no further than the lack of success suffered by Great American in its efforts to liquidate the inventory. Great American had difficulty obtaining sales at even 18 cents per $1 of book value inventory, whereas the Debtor projects recoveries through its efforts of as much as 40 cents per $1 cost on a substantial portion of its remaining inventory. As such, what basis is there to believe that a Chapter 7 Trustee would have any more success than did

Great American? Assuming that someone other than the Debtor will be able to maximize the recovery on the inventory is a mistake that, having been made once already, should not be repeated based on nothing more than the Trustee's conclusory urgings.

Accordingly, and for all of the reasons stated herein and in the Debtor's Objection in which FCC joins, it is respectfully urged that the Trustee's motion to convert this case to Chapter 7, or alternatively to dismiss the Chapter 11, be denied, together with such other relief as the Court may deem just and equitable.

Dated: New York, New York
April 8, 2010

Respectfully submitted,

OTTERBOURG, STEINDLER, HOUSTON
& ROSEN, P.C.

By: *Andrew M. Kramer*
Andrew M. Kramer (AK4438)
Stanley L. Lane, Jr. (SL8400)
Members of the Firm
230 Park Avenue
New York, New York 10169

(212) 661-9100
Attorneys for FCC, LLC